LEXSEE 1998 U.S. APP. LEXIS 5769

**MARGARET M. BAKER, ALVIN BANES, APRIL WALLACE, VICKIE GWIN, ET AL., Plaintiffs-Appellants, v. FIRST TENNESSEE BANK NATIONAL ASSOCIATION, Defendant-Appellee.**

No. 96-6740

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

*1998 U.S. App. LEXIS 5769; 1998-1 Trade Cas. (CCH) P72,143*

**March 19, 1998, Filed**

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *1998 U.S. App. LEXIS 16013.*

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE. 92-02431. Gibbons. 12-10-96.

**DISPOSITION:** District court's award of costs for the plaintiffs' depositions, the depositions of the two former bank employees, and the copies of the depositions of the five bank employees VACATED, and case REMANDED; and the district court's award of costs for the computer-related charges REVERSED.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** For MARGARET M. BAKER, ALVIN BARNES, APRIL WALLACE, VICKIE GWIN, et al., Plaintiffs - Appellants: Ira M. Thomas, Memphis, TN.

For BANK OF BARTLETT, Defendant - Appellee: Bill R. Hester, Hester & McCrary, Bartlett, TN.

For BOATMEN'S BANK OF TENNESSEE, Defendant - Appellee: David Wade, Martin, Tate, Morrow & Marston, Memphis, TN.

For FIRST AMERICAN, Defendant - Appellee: J. O. Bass, Jr., Bass, Berry & Sims, Nashville, TN.

For FIRST TENNESSEE [*2] BANK, Defendant - Appellee: John C. Speer, Monique A. Nassar, Baker, Donelson, Bearman & Caldwell, Memphis, TN.

**JUDGES:** BEFORE: KENNEDY, JONES, and CLAY, Circuit Judges.

**OPINION:**

**OPINION**

PER CURIAM. Margaret M. Baker et al. ("Appellants") appeal from the district court's December 9, 1996, Order Affirming Clerk's Order Taxing Costs Against Plaintiffs. For the reasons stated herein, we **VACATE** the district court's award of costs for the depositions of Appellants, the depositions of the two former bank employees, and the copies of the depositions of the five bank employees, and **REMAND** for further proceedings on these issues; and we **REVERSE** the district court's award of costs for the computer-related charges.

I.

On May 22, 1992, Appellants filed a purported class-action suit against First Tennessee Bank National Association ("Appellee") and eight other banks, alleging that the banks had conspired, in violation of Section 1 of the Sherman Act, *15 U.S.C. § 1,* to fix the amount of

**EXHIBIT B**

certain fees charged to bank customers. The fees at issue were those charged for writing checks upon accounts with insufficient funds ("NSF checks") and for depositing checks which are [*3] returned uncollected.

On March 11, 1994, the district court entered an order granting summary judgment in favor of the defendant banks, including Appellee. This Court affirmed the district court's order on June 2, 1995; and the United States Supreme Court denied certiorari on January 8, 1996.

On March 20, 1996, Appellee submitted a bill of costs seeking transcript fees, copy fees, witness fees, and deposition fees, pursuant to Rule 54 of the Federal Rules of Civil Procedure. By order, dated May 7, 1996, the Clerk taxed against Appellants, in favor of Appellee, $6,592.42 in costs. The district court affirmed the Clerk's order on December 9, 1996.

Appellants filed a timely notice of appeal from the district court's order on December 19, 1996. This Court has appellate jurisdiction pursuant to *28 U.S.C. § 1291.*

II.

Taxation of costs under Rule 54(d) of the Federal Rules of Civil Procedure is reviewed for abuse of discretion. See *Jones v Continental Corp., 789 F.2d 1225, 1229, 1233 (6th Cir. 1986).* "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Bowling v. Pfizer, Inc., 102 F.3d 777, 780 (6th* [*4] *Cir. 1996)* (quoting *Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir. 1989)).* Rule 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The types of costs that may be assessed against the losing party are enumerated in *28 U.S.C. § 1920,* and include, but are not limited to, such costs as fees of the clerk and court reporter, disbursements for printing and witnesses, and compensation of court appointed experts. *See 28 U.S.C.A. § 1920(1)-(6) (West 1994); Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991)* ("Section 1920 'defines the term "costs" as used in Rule 54(d).'" (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 96 L. Ed. 2d 385, 107 S. Ct. 2494 (1987))).*

The language of Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986).*

> Rule [54(d)] establishes a norm of action: prevailing parties are entitled to their [*5] costs as of course. Departures from the rule are permitted; however, "when rules prescribe a course of action as the norm but allow the district court to deviate from it, the court's discretion is more limited than it would be if the rule were nondirective."

*Id. at 731-32* (quoting *Coyne-Delany v. Capital Dev. Bd. of Ill., 717 F.2d 385, 392 (7th Cir. 1983)).*

Accordingly, this Court has established objective criteria for use in ordering and reviewing denials of costs under Rule 54(d). *White & White, Inc., 786 F.2d at 732; see also Goostree v. Tenn., 796 F.2d 854, 864 (6th Cir. 1986)* (enumerating criteria), cert. denied, *480 U.S. 918, 94 L. Ed. 2d 689, 107 S. Ct. 1374 (1987).* In the district court, "'it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party." *White and White, Inc., 786 F.2d at 732* (quoting *Lichter Foundation, Inc. v. Welch, 269 F.2d 142, 146 (6th Cir. 1959)).* When reviewing, on appeal, a discretionary denial of costs, this Court examines whether the district court committed an error in applying the criteria of this Court. Id.

When [*6] reviewing, on appeal, a challenge to an award of costs, however, the following analysis applies:

> In order to award costs to a prevailing party, the court must determine that the expenses are allowable cost items and that the amounts are reasonable and necessary. As long as statutory authority exists for a particular item to be taxed as a cost, we shall not overturn a district court's determination that the cost is reasonable and necessary, absent a clear abuse of discretion. Thus, we shall review carefully whether an expense is recoverable, but once we determine that it is, we defer to the district court, which is in the best position to determine whether the cost is reasonable.

*Northbrook Excess and Surplus Ins. Co., 924 F.2d at 642* (citation omitted).

III.

Appellants first argue that the district court should have exercised its discretion under Rule 54(d) and directed Appellee to bear its own costs based on this Court's analysis in *White & White, Inc. v. American Hospital Supply Corp., 786 F.2d 728 (6th Cir. 1986).* Appellants assert that all of the factors, described in

White & White as providing proper bases for denying costs, were present [*7] in this case; accordingly, they argue that the district court should have denied Appellee costs in this instance.

Appellants' reliance on White & White, however, is misplaced. Appellants are arguing that this Court should reverse a district court's decision to award costs if we find that the factors or criteria discussed in White & White were present below. White & White does not stand for this proposition, and Appellants have not referred us to any authority which suggests that we review a district court's decision to award costs for proper application of the White & White factors.

Unlike the present case, which involves an appeal from an award of costs, White & White involved an appeal from a denial of costs to a prevailing party; thus, in White & White, this Court was addressing when a denial of costs is a proper exercise of discretion. White & White does not appear to govern our situation--i.e., where a district court has awarded costs to the prevailing party and this award is appealed by the losing party.

As we explained above, when reviewing an award of costs, this Court carefully reviews whether an expense is recoverable as a cost, however, [*8] this Court will not overturn a district court's determination that a cost is reasonable and necessary absent a clear abuse of discretion. See *Northbrook Excess and Surplus Ins. Co., 924 F.2d at 642.* n1

---

n1 Appellants proffer an additional reason for why Appellee's costs should have been denied in their entirety. Appellants argue that we should hold that Appellee waived any request for costs by not applying for costs at the time that this case was appealed the first time in 1995. Appellants assert that if Appellee had filed for costs at that time, the present appeal could have been decided along with the appeal of the summary judgment. Appellants cite no authority, however, for their proposition that costs that are not filed until after an appeal are deemed waived. Furthermore, case law indicates that. "where no local rule sets a time for filing a bill of costs, Rule 54(d)--which does not include any specific time limit--allows a prevailing party to wait until after appeal to file its bill." *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 220 (7th Cir. 1988)* (construing *Popeil Bros., Inc. v. Schick Elec., Inc., 516 F.2d 772 (7th Cir. 1975))*; see also *Radol v. Thomas, 113 F.R.D. 172, 173 (S.D. Ohio 1986)* ("The Court holds that defendants' cost bills were timely filed. It would be inefficient and impractical to require the prevailing party at the trial court level to file a cost bill before a court of appeals has a chance to decide the appeal [Rule] 54(d) allows costs to be taxed by the prevailing party. But the prevailing party could change, once the case is before the appellate court, and that change would invalidate any Bill of Costs filed after entry of the District Court judgment."). Here, the applicable local rule does not appear to prohibit a filing after an appeal. See W.D. Tenn. R. 54.1(b) ("[A] cost bill will be filed with the clerk within thirty days from the termination of the case") Accordingly, we reject Appellants' argument that costs should have been denied because Appellee waited until after the appeal to file for costs.

---

[*9]

IV.

Appellants next argue that the district court abused its discretion in awarding those costs incurred in obtaining certain deposition transcripts. Appellants contend that the cost of depositions that are simply investigative or preparatory, rather than for presentation of the case, are unnecessary and, therefore, not taxable. That is, Appellants contend that, because the parties had already stipulated to that deposition testimony relevant to proper adjudication of Appellee's motion for summary judgment, these depositions were not necessary. Further, Appellee did not rely on any deposition testimony in its summary judgment motion; and the district court did not rely on any depositions in its order granting summary judgment. According to Appellants, the summary judgment was granted on the bases of legal arguments and stipulations as to certain facts. Appellee does not challenge Appellants' assertions, but argues that the depositions were still necessary to determine whether Appellants were appropriate class action representatives.

To begin, there is no question that deposition expenses may be taxed as costs: "Subsections (2) and (4) of § 1920 have been interpreted to authorize [*10] taxing as costs the expenses of taking, transcribing and reproducing depositions. Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989).* Appellants' argument is that their depositions were not necessary for the litigation because these depositions were irrelevant to Appellee's summary judgment motion. The district court, on the other hand, found these depositions necessary. (See J.A., Order Affirming Costs, at 171.) Again, this finding is reviewed for a clear abuse of discretion.

Appellants argue that if depositions are not used in a summary judgment motion which disposes of a case,

they are not necessary to the litigation and, consequently, are not recoverable as costs. However, a deposition does not have to be used as evidence to be taxed as an expense. "When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken." 10 Charles Alan Wright et al., Federal Practice [*11] and Procedure; Civil 2d § 2676, at 341 (2d ed 1983); see also *Sales, 873 F.2d at 120* ("Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling."); *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987)* ("A district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking."), cert. denied, *484 U.S. 1065, 98 L. Ed. 2d 991, 108 S. Ct. 1027 (1988)*.

Whether a deposition is reasonably necessary is to be determined at the time it is taken. This principle holds true even when the deposition deals with an issue which subsequently becomes moot. See Wright et al., supra, § 2676, at 341-44, *Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997)* (stating that the determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use). In this instance, it appears that it may have been necessary to take Appellants' depositions for an issue that was never reached.

That is, while Appellants' [*12] depositions may not have been necessary for the summary judgment motion, they may have been necessary for the issue of class certification. Appellants filed a motion for class certification, and it appears that Appellee, in part, took Appellants' depositions for use in countering this motion. See J.A., Order Various Mots. Compel, at 65.) While the class certification motion was never reached because the matter was dismissed on summary judgment, at the time Appellants' depositions were taken, they may have been reasonably necessary for use in defending the class certification motion.

Appellants argue, however, that Appellee unnecessarily and prematurely took these depositions because the class certification issue was not going to be addressed until after the district court had ruled on the summary judgment motion. Accordingly, Appellants argue that it would be inequitable to assess costs that could have been avoided. Further, Appellants imply that the parties and the court had agreed to limit the taking of discovery until the motion for summary judgment was decided.

Because an argument may be made that Appellants' depositions were necessary to properly address the motion for class [*13] certification, this Court is reluctant to find that the district court committed a clear error of judgment in allowing these depositions as taxable costs. *Bowling, 102 F.3d at 780.* However, because the record before us is limited, we are equally as reluctant to affirm this award. For example, we do not have the depositions before us to assess their relevance to the motion, nor are we aware of the precise circumstances regarding any discovery agreements and degree of preparation needed to respond to the motion. Furthermore, the district court's order awarding costs for these depositions does not provide a factual basis as to why the court found them to be necessary.

Therefore, given the limited record before us and the lack of a factual finding in the district court's order, we vacate the district court's award, and remand for further fact finding as to why these depositions were necessary for litigation of this case. See *Phelan v. Bell, 8 F.3d 369, 375 (6th Cir. 1993)* (holding that a district court's ultimate award of costs must be supported by factual findings); *Northbrook Excess and Surplus Ins. Co., 924 F.2d at 644* (vacating an award of costs and remanding for further [*14] development of the record and more explicit findings by the district court regarding the reasonableness and necessity of the costs).

V.

Appellants further contend that the district court abused its discretion in allowing the deposition costs of two former bank employees. These two persons were identified in answers to interrogatories and requests as having knowledge of how NSF checks were processed. Appellants argue that these depositions were unnecessary for the issue of law addressed in the summary judgment motion. Further, Appellants state that Appellee did not use these depositions in support of its summary judgment motion, Appellee does not contest this fact.

Unlike Appellants' depositions discussed above, these two depositions do not even appear relevant to the motion for class certification. Given that they were, apparently, neither relevant to the summary judgment motion nor the motion for class certification, how these depositions were necessary for the litigation is not readily apparent. Depositions that are merely investigative, preparatory, or useful for discovery are not taxable as costs. See Wright et al., supra, § 2676, at 345; *Koppinger v. Cullen-Schiltz* [*15] *and Assocs., 513 F.2d 901, 911 (8th Cir. 1975)* ("The expense of depositions not used at the trial [can] be taxed provided they were reasonably necessary to the case and were not purely investigative in nature."); *Independent Iron Works, Inc. v. United States Steel Corp., 322 F.2d 656,*

*678* (9th Cir.) ("If the depositions were merely useful for discovery then they were not taxable items and their expense should have been borne by the party taking them, as incidental to normal preparation for trial."), cert. denied, *375 U.S. 922, 11 L. Ed. 2d 165, 84 S. Ct. 267 (1963); Kaiser Indus. Corp. v. McLouth Steel Corp., 50 F.R.D. 5, 12 (E.D. Mich. 1970)* ("It is necessary to distinguish between depositions which are reasonably necessary to properly present a party's case and depositions used essentially for the purpose of investigation or the kindred purpose of thorough preparation by counsel. Investigation expenses are not chargeable as costs.").

The district court found that these depositions were necessary to litigation in awarding costs. However, the court failed to articulate its factual findings for doing so. Accordingly, the district court's award of these costs must be [*16] vacated, and the issue remanded for a more explicit explanation by the district court as to why these depositions were necessary for the litigation. *See Northbrook, 924 F.2d at 644*. Likewise, because the district court failed to articulate a factual basis for awarding costs associated with obtaining copies of the depositions of five bank employees, we vacate this award and remand for further fact finding on this issue *Id.*

## VI.

Finally, Appellants challenge the district court's award of costs for the reformatting of depositions for computer disc. Appellants assert that these charges have something to do with computer software ordered by Appellee's counsel for their personal use. Appellants also challenge another charge from the court reporter for disc conversion. Appellants state that these charges all have to do with litigation management software that is in addition to the standard cost of the transcript and is something ordered by Appellee's counsel for their personal use with their computer programs.

In its brief, Appellee does not even attempt to explain or to justify these costs. If these costs are not part of the standard cost of the transcript, they do not appear [*17] to be recoverable under Section 1920. In addition, if these costs have to do with litigation management software, they are not recoverable. See *Northbrook Excess and Surplus Ins. Co., 924 F.2d at 643* ("Expenditures for a computerized litigation support system are not taxable costs under section 1920."). One cannot tell from the bill of costs if these costs are simply standard transcript costs that would be recoverable. Also, the district court's order does not address these costs. Since Appellee appears to concede Appellants' characterization of these costs and an award of such computer-related charges is improper, we reverse the district court's award of these costs.

## VII.

For the foregoing reasons, we **VACATE** the district court's award of costs for the plaintiffs' depositions, the depositions of the two former bank employees, and the copies of the depositions of the five bank employees, and **REMAND** for further proceedings consistent with this opinion; and we **REVERSE** the district court's award of costs for the computer-related charges.