

FILED
KENNETH J. MURPHY
CLERK
03 SEP 30 PM 3:01

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| TERESA A. SIMMONS, | : | Case No.: C-1-01-880 |
| | : | |
| Plaintiff, | : | (Judge Beckwith) |
| | : | (Magistrate Judge Hogan) |
| v. | : | |
| | : | |
| FISCHER MANAGEMENT, INC., | : | |
| | : | **DEFENDANT FISCHER MANAGEMENT** |
| Defendant. | : | **INC.'S MOTION FOR BILL OF COSTS** |

Pursuant to Fed. R. Civ. P. 54(d) and S.D. Ohio Civ. R. 54.1, Defendant Fischer

Management, Inc. moves the Court for approval of the attached Bill of Costs (attached as

Exhibit A), totaling $2,446.55. The grounds for this motion are set forth in the attached

Memorandum in Support.

Respectfully submitted,

David T. Croall (0009149)
PORTER WRIGHT MORRIS & ARTHUR LLP
250 East Fifth Street, Suite 2200
Cincinnati, OH 45202-5117
(513) 369-4240

Attorney for Defendant

## **MEMORANDUM IN SUPPORT**

On September 19, 2003, this Court issued an Order granting Defendant Fischer Management, Inc.'s Motion for Summary Judgment. Defendant's costs total $2,446.55, as set forth in Exhibit A. Accordingly, the costs of the proceeding should be taxed against Plaintiff Teresa A. Simmons because Defendant is the prevailing party.

Federal Rule of Civil Procedures 54(d) provides that ". . . costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . ." (emphasis added). *See also* S.D. Ohio Civ. R. 54.1. Rule 54(d) creates a presumption in favor of awarding costs. *White & White, Inc. v. American Hosp. Supply Co.*, 786 F.2d 728, 730 (6th Cir. 1986); *Baker v. First Tennessee Bank Nat'l Ass'n.*, 1998 U.S. App. LEXIS 5769 at *4 (6th Cir. 1998) (attached as Exhibit B). In pursuing costs under Rule 54(d)(1), the prevailing party is prima facie entitled to costs unless the unsuccessful party can successfully show circumstances sufficient to overcome the presumption. *Hall v. Ohio Educ. Ass'n*, 984 F. Supp. 1144, 1146 (S.D. Ohio 1997); *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959).

In calculating costs, 28 U.S.C. § 1920 provides that "A judge or clerk of any court of the United States may tax as costs . . . (2) Fees of the court report for all or any part of the stenographic transcript necessarily obtained for use in the case . . . (4) Fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920 (1999). The Sixth Circuit has interpreted this statute to authorize courts to tax as costs the expenses of taking, transcribing and reproducing depositions. *Granberry v. Baptist Memorial Hospital*, 1998 U.S. App. LEXIS 10543 (6th Cir. May 21, 1998), *cert. denied*, 119 S.Ct. 381 (1998) (attached as Exhibit C); *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). The prevailing party is allowed the costs of transcribing, taking and reproducing depositions, which are reasonably necessary for

the litigation. *Id.* Necessity is determined as of the time of taking the deposition; actual use at trial is not required. *Id.*; *Baker*, 1998 U.S. App. LEXIS 5769 at *4; *see also* 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 2676, at 341 (2d ed. 1983) ("When a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its costs may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken.")

Defendant seeks costs associated with the depositions that were taken in this case. The costs are reasonably necessary and recoverable under the relevant statutory authority and federal rule. Defendant deposed Teresa A. Simmons, Janet W. Moxley, and Carolyn A. Perkins in preparation of its Motion for Summary Judgment and Reply in Support of its Motion for Summary Judgment. Plaintiff deposed Gregory T. Beckett, H. Wayne Menchhoffer, and Robert T. Hawksley and Defendant needed copies of these depositions in preparation of its Motion for Summary Judgment and Reply in Support of Motion for Summary Judgment. The Motion and Reply made repeated reference to all of these depositions. The depositions were necessary for Defendants to prepare for trial in the event that summary judgment was denied.

For the reasons set forth above, costs associated with the depositions should be taxed against Plaintiff as requested in the Bill of Costs submitted by Defendant. Included with the Bill of Costs is an Affidavit of David T. Croall (attached as Exhibit D), which sets forth counsel's affirmation under 28 U.S.C. § 1924 that the costs requested are correct and necessarily incurred in this litigation. Defendant reserves the right to submit a supplemental Bill of Costs for costs incurred during all appeals from the Order granting summary judgment.

Respectfully submitted,

David T. Croall (0009149)
PORTER WRIGHT MORRIS & ARTHUR LLP
250 East Fifth Street, Suite 2200
Cincinnati, OH 45202-5117
(513) 369-4240

Attorney for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant Fischer Management, Inc.'s

Motion for Bill of Costs and Memorandum in Support will be served upon David G. Torchia,

Esq., Tobias, Kraus & Torchia, 911 Mercantile Library Building, 414 Walnut Street, Cincinnati,

OH 45202, by regular mail this 30th day of September, 2003.

CINCINNATI/116756 v.01